**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Geoffrey A. Barrow**
Assistant U.S. Attorney
Geoffrey.Barrow@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 15, 2026

Elizabeth Sher
Heather Carroll
Assistant Federal Defenders
Western District of Washington
1331 Broadway, Suite 400 | Tacoma, WA 98402

Re: *United States v. Jian Zhao*
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between the United States Attorney's Office for the District of Oregon and the National Security Division of the U.S. Department of Justice (collectively, the "Government"), and defendant. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive his right to indictment by a grand jury and plead guilty in the District of Oregon to Count 1 of the Information, which charges conspiracy to gather, transmit or lose defense information in violation of Title 18, United States Code, Section 793(g).

3. **Penalties**: The maximum sentence for Count 1 is 10 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the

defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: The Government will move at the time of sentencing to dismiss any remaining counts against defendant. The Government further agrees not to bring additional charges against defendant arising out of this investigation, known to the Government at the time of this agreement.

5. **Elements**: In order for defendant to be found guilty of Count 1 of the Information the Government must prove the following elements beyond a reasonable doubt:

> First, beginning on or about November 28, 2021, and ending on or about March 2025, there was an agreement between two or more persons to violate 18 U.S.C. § 793(b) as charged in the information; and
>
> Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and
>
> Third, one of the members of the conspiracy performed at least one overt act on or after November 28, 2021, for the purpose of carrying out the conspiracy.

The elements of 18 U.S.C. § 793(b) are as follows:

> First, the defendant copied, took, or obtained a sketch, photograph, plan, map, model, instrument, appliance, document, writing, or note;
>
> Second, the sketch, photograph, plan, map, model, instrument, appliance, document, writing, or note related to the national defense of the United States;
>
> Third, the defendant acted with the purpose of obtaining information respecting the national defense and with the intent or reason to believe the sketch, photograph, plan, map, model, instrument, appliance, document, writing, or note was to be used to the injury of the United States.

6. **Factual Basis:**

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Defendant Zhao joined the U.S. Army as an enlisted soldier in 2017. He is currently an active-duty Sergeant stationed at Joint Base Lewis-McChord (JBLM) in Pierce County, Washington. Zhao swore an oath to faithfully discharge the duties of his office. One of Zhao's duties was to protect United States military sensitive and operational security information from unauthorized release. Zhao served as a Battery Supply Sergeant for the Headquarters Battery 17th Field Artillery Brigade. To fulfill the responsibilities of his position, he was entrusted with broad access to and accountability for Army records and property. Zhao had a duty to protect national defense information and received training on the proper handling of U.S. Government classified information and Controlled Unclassified Information (CUI). He maintained a security clearance and was eligible to access material up to and including the Secret level.

Ruoyu Duan is a former U.S. Army soldier who lived in Hillsboro, Oregon. Duan recruited active-duty U.S. Army soldiers, including Zhao, to provide information related to the national defense to individuals based in China.

Zhao used his access and position to obtain information and equipment related to the national defense that he sold and transferred to individuals not entitled to receive it. Duan connected Zhao to Chinese buyers and facilitated financial transactions between Zhao and the buyers.

From April 27, 2023, to May 3, 2023, Zhao sent Duan excerpts from technical manuals for the use and operation of a sophisticated U.S. Army artillery system known as HIMARS. The materials contained distribution restrictions limiting dissemination to Defense Department personnel and a warning restricting their export under the Arms Export Control Act (AECA).

On October 8, 2023, Duan told M.B., an individual based in Hong Kong, China, that he was having difficulty soliciting information from military servicemembers due to U.S. efforts to root out "moles" within the military. He reported that friends had declined to provide military information. Duan told M.B. that he intended to retire and be cautious.

On October 16, 2023, China-based WeChat user, L.S., contacted Zhao, introduced himself as a friend of Duan's, and reported that Duan told him Zhao "had things to sell." On November 5, 2023, WeChat user, F.C.Z. introduced himself to Zhao as someone based in China who had previously purchased equipment from Zhao through Duan. In November of 2023, Zhao told L.S. that he could negotiate with Duan and transfer money for the sale of materials through Duan.

On July 13, 2024, Zhao offered L.S. an encryption-capable military computer for $2,500. Zhao described the computer as "very rare." In October of 2024, L.S. sold the computer for 5,000 Renminbi and paid Zhao $1,000. Zhao took the computer from military storage at JBLM without authorization.

On July 16, 2024, Zhao offered L.S. "unclassified and secret" hard drives. He denied knowing the contents, but suggested, "there could be intelligence or nothing." Zhao noted, "your buyer needs intelligence, right?" That same day, Zhao sent F.C.Z. a photograph of 20 hard drives, some labeled with red stickers designating them as authorized to process "Secret" information and some with green stickers designating them as limited to processing "Unclassified" information. Zhao sold L.S. the hard drives for $10,000. On August 26, 2024, Zhao offered L.S. ten more drives with "red" (Secret) and "highest-classification orange" (Top Secret) stickers for $8,000.

On September 13, 2024, F.C.Z. asked Duan when he could provide additional sources of military information. Duan told F.C.Z. he was having difficulty meeting sources. They discussed Zhao's cooperation and whether Duan would get credit for Zhao's cooperation.

On October 3, 2024, Zhao told L.S. he had "a couple more TS and S" hard drives.

On October 11, 2024, Zhao told L.S. to "spread the news. It's Brigade Level." The following day, Zhao offered L.S. a "very sensitive" HIMARS document for $3,000. On October 27, 2024, they discussed packaging the HIMARS document with a second document for $6,500. On November 1, 2024, L.S. paid Zhao $4,500.

On October 27, 2024, Zhao laid two printouts of presentations on his desk at JBLM, "Strategic and Operational Rockets and Missiles" (STORM) and "YAMA SAKURA 85 CIS TIWG" (YAMA SAKURA). Both presentations were marked CUI. The STORM presentation contained a restriction limiting dissemination to Defense Department personnel and restricted export under the AECA. The STORM presentation is used when a unit is issued new equipment, and it discusses the operational use of rockets, missiles and artillery systems. YAMA SAKURA is a 54-page presentation that discusses specific and detailed network configurations and other locations, architecture and communication nodes of U.S. Army Pacific. Zhao used his personal phone to take pictures of both presentations slide by slide, while using messaging applications. He left his office with the YAMA SAKURA presentation rolled up in his hands.

On November 6, 2024, Zhao entered his office and removed a document secreted under his uniform. The document, "Askari Order of Battle – YS 87/WFX 25-02," details task organization charts of simulated enemy forces and their equipment. "Askari" is meant to represent Chinese military forces and was marked as Controlled Unclassified Information. Zhao took dozens of pictures while flipping through the spiral bound document.

On December 4, 2024, Zhao told L.S. that he had a 90-page manual that he would sell for $1,500. On December 19, 2024, Zhao received $2,000. On December 28. 2024, Zhao told L.S. that he had four additional TS hard drives and had "5 in my hand, all to you, one more gift."

On February 14, 2025, Duan sent Zhao a text asking if he had any additional hard drives to sell. Zhao responded, "the big ones are gone." Duan subsequently photographed the exchange and sent it to F.C.Z.

On March 6, 2025, federal agents arrested Zhao at his home in Lacey, Washington. They recovered approximately $30,000 in cash, electronic devices, and eight Army hard drives, two with "Unclassified" stickers and one with a "Top Secret" sticker. Subsequent forensic analysis of the Army hard drives revealed that they did not contain classified information.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Guidelines Calculation**: The parties are making no agreement with respect to defendant's Criminal History Category. The parties stipulate and agree to the applicability of the following guidelines calculations and adjustments:

A. Count 1 Conspiracy to gather, transmit or lose defense information in violation of Title 18, United States Code, Section 793(g)

| **Guideline Section** | **Offense Level** |
|---|---|
| Base Offense Level – USSG § 2M3.2(a)(2) | 30 |
| Specific Offense Characteristics:<br>Abuse of Position of Trust USSG § 3B1.3 | +2 |
| Acceptance of Responsibility – USSG § 3E1.1 | -3 |
| Zero Point Offender (if eligible) USSG § USSG § 4C1.1 | -2 |
| **Total** | 27 |

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the Government will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The Government reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Sentencing Recommendation**: The Government will recommend a sentence at the low end of the applicable guideline range, followed by three years of supervised release, and the

$100 statutory fee assessment, as long as defendant demonstrates an acceptance of responsibility as explained above.

11. **Zero-Point Offender Adjustment**: If the Court determines defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

12. **Additional Adjustments or Variances**:

The Government agrees not to seek any upward adjustments or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

A. Defendant reserves the right to seek a downward adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the Government reserves its right to oppose such a request.

B. Defendant agrees that, should defendant seek a downward adjustment or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the Government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the Government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a Government motion for a postponement of the sentencing hearing.

13. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the Government may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the Government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights**: The Government will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the Government is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the Government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17. **Lifetime Obligation to Protect Classified and National Defense Information**: Defendant acknowledges that, in connection with his employment by the United States Army, he entered into certain agreements proscribing the unauthorized disclosure of protected information, including classified information, military information, and other information acquired as part of defendant's performance of his official duties. Defendant acknowledges his continuing duties and obligations under these agreements, and they are hereby incorporated by reference.

Defendant understands and agrees that he has a continuing legal obligation to refrain from the unauthorized oral or written disclosure of classified information, or information relating to the national defense. Defendant understands and agrees that the law forbids him from disclosing, communicating, transmitting, or disseminating any classified information, or information relating to the national defense, without regard to where, when, or how he learned of or came into possession of the classified information or information related to the national defense.

18. **Assignment of Any Profits or Proceeds from Publicity**: Defendant hereby assigns to the United States any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information relating to his work in the United States Army, his unlawful activities, the facts and circumstances leading to his apprehension and conviction, or acquired from Government files, and agrees that any such profits and/or proceeds constitute the proceeds of his unlawful activity for purposes of 18 U.S.C. § 793(g) and any other violations of the Espionage Act. This agreement shall include all profits and proceeds for the benefit of the defendant, regardless of whether such profits or proceeds are payable to himself or to others,

directly or indirectly, for his benefit or for the benefit of the defendant's associates or a current or future member of defendant's family.

Defendant shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of defendant's family, or to another person or entity who would provide some financial benefit to the defendant, to defendant's associates, or to a current or future member of defendant's family. Moreover, defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether such an associate or other family member is personally or directly involved in such dissemination.

19. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the Government and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the Government to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the Government to access records to verify the financial information. Defendant also authorizes the Government to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office for the District of Oregon before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have

originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the Government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the Government of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the Government of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

20. **Termination of Military Status and Employment**: Defendant understands that the Army may initiate administrative separation proceedings based on the conduct to which he is pleading guilty. He agrees to cooperate with the military in the termination of his employment by waiving his right to an administrative board. Defendant understands such a waiver may result in him receiving an Under Other than Honorable Conditions discharge certificate. Defendant further agrees he will not seek to upgrade the characterization of his discharge at a later date.

21. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including $30,000 in cash which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of 18 U.S.C. § 793(g) as set forth in Information.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim

or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the Government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The Government reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

22. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

23. **Deadline**: This plea offer expires if not accepted by September 18, 2026 at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

GEOFFREY A. BARROW
Assistant United States Attorney

YIFEI ZHENG
CHRISTOPHER MAGNANI
Trial Attorneys
U.S. Department of Justice
National Security Division

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11|23|26
Date

Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11|23|26
Date

Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

11/23/26
Date

Interpreter (if necessary)